UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**RICK LANNI,**

    **Plaintiff,**

**v.**                                                             **Case No:**

**MIDLAND CREDIT MANAGEMENT, INC.**,
                                                         **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **RICK LANNI** ("Mr. Lanni" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant**, MIDLAND CREDIT MANAGEMENT, INC.** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by continuing to send collection letters to Mr. Lanni after Mr. Lanni demanded in writing that Defendant cease all communication with him, which can reasonably be expected to harass Mr. Lanni.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the FDCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4. Plaintiff, Mr. Lanni, was and is a natural person and, at all times material hereto, is an adult, a resident of Palm Beach County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of FL and its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

### *Statements of Fact*

6. Under information and belief, Mr. Lanni opened a credit card account with Credit One Bank, N.A. for personal or household purposes ("Account").

7. Sometime thereafter, Mr. Lanni encountered financial difficulties and fell behind on his payments toward the Account and incurred an outstanding balance owed thereunder ("Debt").

8. The Account was then sold, transferred, or assigned to Defendant for collection purposes.

9. On or around December 12, 2018, Mr. Lanni received a letter from Defendant in attempts to collect the Debt.

10. In response, on or around January 10, 2019, Mr. Lanni faxed a signed letter to Defendant that states, in relevant part:

> "I am in receipt of your letter dated December 12, 2018. I refuse to pay this debt.
>
> Never call, write, or communicate with me or any friend or family member in any manner ever again regarding this account, unless it is in my favor that I am not obligated in any way to pay any amounts.
>
> All communications regarding this account are considered harassment."

*See* **Exhibit A.**

11. On February 25, 2019, despite Mr. Lanni's demand, Defendant sent a collection letter directly to Mr. Lanni in connection of the Debt ("Collection Letter 1"). ***See* Exhibit B.**

12. Collection Letter 1 was individually addressed to Mr. Lanni, included a due date of April 1, 2019, demanded a total amount due of $581.91, stated that "this is a communication from a debt collector, this is an attempt to collect a debt and any information obtained will be used for that purpose," and listed options for payment that include pay by phone or by mail using the payment coupon included therein. ***See* Exhibit B.**

13. Defendant's Collection Letter 1 was sent to Mr. Lanni in an attempt to collect the Debt.

14. Defendant has harassed Mr. Lanni by continuing to send collection letters to Mr. Lanni in attempts to collect a debt after Mr. Lanni demanded that Defendant cease all communication with respect to the Debt, which can reasonably be expected to harass Mr. Lanni.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

15. Mr. Lanni re-alleges paragraphs 1-14 and incorporates the same herein by reference.

16. Mr. Lanni is a "consumer" within the meaning of the FDCPA.

17. The subject debt is a "consumer debt" within the meaning of the FDCPA.

18. Defendant is a "debt collector" within the meaning of the FDCPA.

19. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692c(c) by continuing to send collection letters to Mr. Lanni after Mr. Lanni notified the Defendant in writing that he refuses to pay the Debt and demanded that Defendant cease further communication with Mr. Lanni.

20. As a result of the above violations of the FDCPA, Mr. Lanni has been subjected to illegal collection activities for which he has been damaged.

21. Defendant's actions have damaged Mr. Lanni by causing him embarrassment.

22. Defendant's actions have damaged Mr. Lanni by causing him anxiety.

23. Defendant's actions have damaged Mr. Lanni by causing him stress.

24. Defendant's actions have damaged Mr. Lanni by being an annoyance.

25. Defendant's actions have damaged Mr. Lanni by causing him aggravation.

26. Defendant's actions have damaged Mr. Lanni by invading his privacy.

27. It has been necessary for Mr. Lanni to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

28. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

    b. Awarding actual damages;

    c. Awarding costs and attorneys' fees; and

    d. Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

29. Mr. Lanni re-alleges paragraphs 1-14 and incorporates the same herein by reference.

30. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Fla. Sta. § 559.72 (7) by continuing to send collection letters to Mr. Lanni after Mr. Lanni notified

Defendant in writing that he refuses to pay the Debt and that Defendant cease further communication with Mr. Lanni, which reasonably be expected to harass Mr. Lanni.

31. As a result of the above violations of the FCCPA, Mr. Lanni has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

32. Defendant's actions have damaged Mr. Lanni by causing him embarrassment.

33. Defendant's actions have damaged Mr. Lanni by causing him anxiety.

34. Defendant's actions have damaged Mr. Lanni by causing him stress.

35. Defendant's actions have damaged Mr. Lanni by being an annoyance.

36. Defendant's actions have damaged Mr. Lanni by causing him aggravation.

37. Defendant's actions have damaged Mr. Lanni by invading his privacy.

38. It has been necessary for Mr. Lanni to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

39. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

e. Ordering an injunction preventing further wrongful contact by the Defendant; and

f. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Rick and Lori Lanni, demands a trial by jury on all issues so triable.

Respectfully submitted this **March 28, 2019**,

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
Attorneys and Trial Counsel for Plaintiff